UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN DOE,

          Plaintiff,

      v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES et al.,

          Defendants.

CASE NO. 2:26-cv-00290-JHC

ORDER

This matter comes before the Court on Plaintiff's Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction.  Dkt. # 7.  Plaintiff asks the Court to enjoin Defendants from enforcing the December 2, 2025 USCIS Policy Memorandum (PM-602-0192) as applied to Plaintiff and compelling immediate adjudication of Plaintiff's Form N-400, Application for Naturalization.  *Id.* at 1.  For the reasons below, the Court DENIES Plaintiff's motion without prejudice.

Federal Rule of Civil Procedure 65(b)(1) permits a court to "issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the

ORDER - 1

movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." *See also* LCR 65(b)(1) (issuance of TRO without notice disfavored). Plaintiff has not met these requirements. Further, Plaintiff's argument that Defendant will not be prejudiced absent notice (Dkt. # 7 at 11) is not a proper reason to forgo notice. *See Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) ("[C]ourts have recognized very few circumstances justifying the issuance of an ex parte TRO"). Similarly, Plaintiff's counsel's promise to "promptly serve" the Defendants "immediately upon issuance of any TRO" does not fulfil the notice requirement or Rule 65(b)(1). Dkt. # 7 at 11; *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974) ("The stringent restrictions imposed by [Rule 65(b)(1)] on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.").

For all these reasons, the Court DENIES the ex parte motion for temporary restraining order without prejudice. Dkt. # 7.

Dated this 28th day of January, 2026.

John H. Chun
United States District Judge

ORDER - 2